
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIMAS O'CAMPO, | No.   17-16995 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-01624-KJM-DB |
| v. | |
| RAGHBIR SINGH GHOMAN, DBA Quik Shop 2, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 16, 2019[**]
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and HUCK,[***] District Judge.

Dimas O'Campo (O'Campo) appeals the district court's attorneys' fee

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

award.  O'Campo specifically challenges the hourly rate determination made by the court.  We have jurisdiction under 28 U.S.C. § 1331.  Reviewing for abuse of discretion, we affirm.  *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018).

The district court did not abuse its discretion in determining the reasonable hourly rate in the community for attorneys of comparable skill, experience, and reputation.  *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1026 (9th Cir. 2019) (confirming the standard).  As the district court noted, reasonable hourly rates are to be calculated consistent with the prevailing market rates in the relevant legal community.  *See Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015).  The district court permissibly relied on recent fee awards in the district to determine the prevailing rate in similar cases for attorneys with similar experience.  *See id.* ("District courts may consider the fees awarded by others in the same locality for similar cases. . . .") (citations omitted).  In contrast, O'Campo failed to submit "satisfactory" evidence of current market rates in the relevant community for attorneys with similar skill and experience.  *Id.* (requiring the fee applicant "to produce satisfactory evidence of the prevailing market rates") (internal quotation marks omitted).

**AFFIRMED.**